WESTERN DIST.
*October*, 1831.

MADRY
*vs.*
YOUNG.

## MADRY *vs.* YOUNG.

### APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Parole evidence is admissible to prove that verbal sales of slaves in the state of Mississippi, accompanied by delivery, are valid and binding.

In the sale of a slave in a state where the property passes by verbal sale and delivery, if the vendee suffers the vendor to retain possession, and he sells and delivers the things sold, to a second vendee, the latter will hold it in preference to the first.

So a slave thus sold, being accompanied with delivery and payment of the price, transfers all the vendor's right and interest, and needs no written title.

In September, 1828, John B. Madry instituted his suit in the District Court for the recovery of a negro man named Jack, from the defendant. It appears from the evidence that

the defendant once owned the negro, but exchanged him in the state of Mississippi with one Robert Dawson, for a slave named Aaron. Dawson being unable to make a complete title to Aaron, Young refused to make an absolute title to Jack. Dawson then executed an instrument which was recorded in Mississippi, where the transactions took place, in which he re-conveys Jack to Young; but this conveyance to be defeasible, if he, Dawson, made Young a good title to Aaron. Dawson remaining in possession of Jack, sells him to one Hunter, who sold him to Madry—each sale being accompanied with delivery. Young now claims Jack, and alleges Dawson had no authority to sell him.

Parole evidence was received to show that slaves pass by verbal sale and delivery in Mississippi.

[*Note.* This case was before this court at its last term. *Ante.*]

*Dunbar,* for the plaintiff.

1. We admit the sale from Dawson to Young conveyed all the title of the former to the latter, and is good as between them, and was defeasible on Dawson making good the title to Aaron. But as to third persons it is not good, and can have no effect, because it was not an authentic act, nor recorded according to the laws of Louisiana; and as there is no evidence to show the effect of that instrument in Mississippi, the court must be governed in its construction by the laws of this state.

2. There was no actual delivery of the slave to Young, and none being expressed in the sale, but on the contrary, both title and possession declared to be in Dawson; the sales afterwards from Dawson to Hunter, and by him to Madry being accompanied by delivery, were valid, slaves in Mississippi being personal property and pass by delivery. *Louisiana Code* 2415, 2417, *and* 2454.

*Scott,* for the defendant.

1. The legal title to the slave in question was in Dawson, who sold him to the defendant, and gave his private bill of sale.

2. The legal title never passing to Hunter, who sold to the plaintiff, of course he could convey none. A naked possession without legal title, gives no right to hold the property when the title is at issue between the parties.

*Martin, J.* delivered the opinion of the court.

This case was remanded from this court at its last term. Judgment was given for the plaintiff, and the defendants appealed.

There are two bills of exception taken by the appellant. The first is to the opinion of the court, who refused to admit evidence on *ex parte* affidavit made by a witness whose death was offered to be proven. The second was to the admission of parole evidence to prove the sale of a slave in the state of Mississippi.

It was proven in this case, that parole sales of slaves attended with delivery, are valid in that state. Both bills of exception, appear to us alike untenable.

On the merits, the plaintiff claimed a slave in the defendant's possession. The defendant set up title in himself. He showed he was once owner of the slave, and exchanged it with one Dawson. That he obtained a re-conveyance of the slave, by a deed from Dawson, defeasible as Dawson's making him a title for Aaron, a slave which the latter had given him in exchange, for the one sued for. But this deed was not accompanied by delivery. The slave remained in Dawson's possession, and was by him sold and delivered to Hunter, who afterwards sold and delivered it to the plaintiff.

In the state of Mississippi, where the transactions took place slaves pass by parole contract, and delivery. The slave sued on, was once the defendant's property. He exchanged it with Dawson for another. Afterwards being doubtful of Dawson's title, he took, to secure himself, a re-conveyance of the slave sued for ; but he suffered the alienor to retain the possession of the slave, who in the mean while was sold and delivered, and became the plaintiff's property.

The defendant appears to have received, and does not appear to have parted with the property of the slave Dawson

gave him in exchange. For any thing that is shown by the record, the title of the defendant to the latter is good.

At all events, nothing is clearer, that if the vendee suffers the vendor to retain possession, and he sells and delivers the thing sold to the second vendee, the latter will hold it in preference to the first.

It does not appear to us, the court erred in supporting the plaintiff's claim.

Both parties claim under bills of sale, which in our opinion cannot avail. The plaintiff's was attended with delivery. The *Louisiana Code,* article 2242 *and* 2417, require the registry of the instruments and delivery of the slave to render the conveyance valid against creditors and third parties ; so their respective rights must depend on the verbal sales which need not, and could not be recorded.

The sale to the defendant is deficient, because unaccompanied by delivery.

But he contends that there is a broken link in the plaintiff's title. Dawson's sale to Hunter was accompanied with a declaration that he should make no title to his vendee, until he himself obtained one from Young. Being accompanied with delivery and payment of the price, transferred all Dawson's rights in the slave to Hunter. His title was complete, though he was under the apprehension that he lacked a written title from Young : All these transactions taking place in the state of Mississippi, where the conveyance of slaves need not be in writing.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.